UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION
NO. 03-40253-NMG

-----------------------------------------------------------------X

DEUTSCHE BANK NATIONAL TRUST COMPANY,
AS CUSTODIAN OR TRUSTEE, f/k/a BANKERS
TRUST COMPANY OF CALIFORNIA, N.A.,

    Plaintiff

v.

ROSE CASTRO; JOSH CASTRO; JOSEPH DIMARE,
and ALL OTHER OCCUPANTS,

    Defendants

-----------------------------------------------------------------X

## DEFENDANTS' OPPOSITION TO MOTION TO REMAND

COMES NOW the Defendants, Rose Castro, Josh DiMare[1] and Joseph DiMare, (hereinafter collectively "Defendants"), and hereby opposes the motion of Plaintiff Deutsche Bank National Trust Compay, as Custodian or Trustee f/k/a Bankers Trust Company of California, N.A., (hereinafter "Plaintiff"), to remand the within action to the Housing Court Department of the Trial Court of Massachusetts, Worcester County Division, ("Housing Court").

Plaintiff provides three (3) reasons why the action should be remanded. They are:

> (i) The Court has no jurisdiction to hear the case because the claims (or amount) in controversy in this action amount to less than the statutory required amount of $ 75,000.00;
>
> (ii) the Defendants have failed to file the required certified or attested copies of all records and docket entries in the State Court within thirty (30) days after filing the Notice of Removal, and
>
> (iii) the Defendants have failed to file an Answer to the Complaint of the Plaintiff within five (5) days of the Removal of the within action.

As set forth hereinbelow, the Plaintiff's contentions are wholly without merit.

I. **The Plaintiff's Motion to Remand is Untimely, Plaintiff has waived any Defect in the Notice and this Court retains Subject Matter Jurisdiction**

Although admittedly the Notice of Remval indicates that diversity of citizenship exists and that the claims which Defendants intended to advance would exceed $ 75,000.00 *in toto*, the genesis of Defendants' claims against Plaintiff arise under the laws of the United States, specifically, to wit: the Federal Fair Debt Collection Practices Act, (15 U.S.C.sec. 1501, *et seq.*.)[2], (hereinafter the "Act"), and thus whether diversity of

---

[2] Defendants' claims under the Federal Fair Debt Collection Practices Act go to the very heart of whether Plaintiff has standing to bring and maintain its underlying action based upon a claim to the superior right of possession (and any attendant use and occupancy damages) since Plaintiff would be estopped from enforcing such putative rights if it failed to properly comply with the tenent of the *federal* law *prior* to taking any action to enforce any of its putative state law remedies. See generally Federal Fair Debt Collection Practices Act, (15 U.S.C. sec. 1501, *et seq.*).

2

citizenship and/or the requisite amount in controversy exists or ever did exist, is, pursuant to 28 U.S.C. sec. 1441(b), irrelvant for the purposes of considering whether to grant the Plaintiff's motion[3].

Additionally, since the Defendants' claims (to be joined) are in fact, (i) separate and distinct joinable claims and (II) based upon *federal* law, Plaintiff's claim that the provisions as to counterclaims in summary process actions pursuant to Uniform Summary Proc. R. 5 and Mass. G.L.c. 239, sec. 8A (2003) which purportedly limit such claims is simply untenable, as *federal* procedural and not state procedural law governs the future conduct of the case[4].

Given the foregoing, and the fact that the *federal* claims (to be joined) (i) arise out of the subject matter of the state law claims, (ii) are so intertwined with the subject matter of the state law claims, and (iii) cannot, as a matter of law, be brought and maintained in state court, judicial economy should warrant that the entire matter remain in the federal district court system rather than splitting the two causes of action. Morevover, Defendants could potentially be irreparably harmed if the claims were severed, as it is entirely possible that Plaintiff's possessory state law claims based upon one or more multiple violations of the Act would be adjudicated prior to adjudication of the *federal* claims which would have the potential of vitiating any superior claim of possession (and possibly ownership) in favor of Defendants.

---

[3] Since more than thirty (30) days has passed since Defendants filed their (joint) Notice of Removal before Plaintiff sought remand, Plaintiff is, pursuant to the doctrine of waiver, statutorily barred from contesting removal based upon any procedural defect in the notice. *See* 28 U.S.C. sec. 1447(c).

[4] Pursuant to the Federal Rules of Civil Procedure.

3

II.     **The Defendants have not failed to file the Required Certified or Attested Copies of All Records and Docket Entries in State Court within thirty (30) days of filing the Notice of Removal**

Plaintiff next argues that the Defendants have failed to file the required certified or attested copies of all state court records and docket records within thirty (30) days after filing their (joint) notice of Removal. In doing so, Plaintiff relies upon the provisions of Loc. R. of the United States District Court for the District of Massachusetts, R. 81.1, which require such certification be accomplished within that time frame. Plaintiff's argument fails, however, because Defendants took all necessary steps to cause the filing of such certified documentation and docket entries within thirty (30) days by filing a certified copy of the Notice of Removal provided by the Clerk of the District Court with the Clerk's office of the state court which then had the *sole* responsibility of transmitting the certified copies to the District Court. Since Defendants have no authority and/or control over the daily inner processes of the Clerk's office of the state court, it would be inherently and fundamentally unfair to remand this matter to the state court simply because the state court failed in its duty to transmit the certified record and docket entries as Defendants have previously requested.

Additionally, Plaintiff cannot claim any prejudice by the failure of the Clerk's office of the state court to transmit such certified documentation, as copies of the same were filed by the Defendants with the Clerk of the District Court at the time of the filing of their (joint) Notice of Removal and copies of the same were also simultaneously served upon counsel for the Plaintiff via first class mail, postage prepaid.

III. **This Action should not be remanded so that the Defendants may be permitted to join their Federal claims with Plaintiff's State law claims**

Finally, Plaintiff claims that Defendants have failed to (i) answer its state law complaint, and (ii) bring forth their *federal* claims. In doing so, Plaintiff relies upon the provisions of R. 81(c) Fed. R. Civ. P..

Defendants, who were acting PRO SE at the time of the filing of their (joint) Notice of Removal, concede that they did not strictly abide by the provisions of R. 81, *et seq..* because they mistakenly believed that state law continued to govern this matter and that it was not mandatory to file an answer so long as they each appeared for trial on the date of trial. However, each has now retained counsel, who has since filed a Notice of Appearance on their behalf, has advised each of them as to their respective obligations under the federal rules, and is fully prepared, if granted leave by this Court, to file within ten (10) days from the date of the denial of Plaintiff's motion to remand, or such other time as this Court may proscribe, an answer on behalf of each defendant along with their *federal* claims. Once again, Plaintiff will not be prejudiced should such leave be granted[5].

## REQUEST FOR ORAL ARGUMENT

Defendants, Rose Castro, Josh DiMare and Joseph DiMare respectfully requests that Plaintiff's motion be placed upon the calendar for oral argument.

---

[5] Counsel has not heretofore filed an answer and brought such *federal* claims as the time limited for such action had passed prior to the date that he was retained.

5

WHEREFORE, the Defendants pray that this Honorable Court:

1. Deny the Plaintiff's Motion to Remand;

2. Grant counsel for the Defendants ten (10) days within which to file (I) their answer to Plaintiff's State law complaint, and (ii) their *federal* claims;

3. For such other and further relief as this Court deems just and meet.

        ROSE CASTRO; JOSH DiMARE and
        JOSEPH DiMARE,

        by their Attorney,

        _____
        Adrian A. Gaucher, Jr., Esquire
        GAUCHER and GAUCHER, Esqs.
        60 Hamilton Street
        Southbridge, MA 01550-1808
        Tel: (508)-764-3259
        BBO # 80545

Date: March 10, 2004

### CERTIFICATE OF SERVICE

I, Adrian A. Gaucher, Jr., hereby certify that on the 10th. day of March, 2004, I served a copy of the within Opposition via first class mail, postage prepaid, upon the following counsel of record for the Plaintiff:

Atty. Kimberly C. Turina
Harmon Law Offices, P.C.
P.O. Box 610389
Newton Highlands, MA  02461-0389

_____
Adrian A. Gaucher, Jr.